# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TYLER BURKEY ) <br> Administrator of the Estate of Kevin Burkey ) <br> 10033 Congress Road ) <br> West Salem, Ohio 44287 ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> HEATHER HUNTER ) <br> In her individual capacity ) <br> c/o Mahoning County Jail ) <br> 110 Fifth Avenue ) <br> Youngstown, Ohio 44503 ) <br> ) <br> And ) <br> ) <br> CARL VATH ) <br> In his individual capacity ) <br> c/o Mahoning County Jail ) <br> 110 Fifth Avenue ) <br> Youngstown, Ohio 44503 ) <br> ) <br> And ) <br> ) <br> TYLER PETERS ) <br> In his individual capacity ) <br> c/o Mahoning County Jail ) <br> 110 Fifth Avenue ) <br> Youngstown, Ohio 44503 ) <br> ) <br> And ) <br> ) | CASE NO. <br> JUDGE <br><br><br><br><br><br><br> COMPLAINT <br> (Plaintiff Demands a Trial by Jury) |

| | |
|---|---|
| MAHONING COUNTY, OHIO <br> 110 Fifth Avenue <br> Youngstown, Ohio 44503 <br><br> And <br><br> ST. ELIZABETH HEALTH CENTER <br> 1044 Belmont Avenue <br> Youngstown, Ohio 44504 <br><br> And <br><br> JESSICA RUSSELL <br> c/o St. Elizabeth Health Center <br> 1044 Belmont Avenue <br> Youngstown, Ohio 44504 <br><br> And <br><br> MICHELLE GEORGE <br> c/o St. Elizabeth Health Center <br> 1044 Belmont Avenue <br> Youngstown, Ohio 44504 <br><br> And <br><br> HOLLI MARTINEZ, M.D. <br> c/o St. Elizabeth Health Center <br> 1044 Belmont Avenue <br> Youngstown, Ohio 44504 <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

1. Jurisdiction over the subject matter of this action is conferred on this Court pursuant to 42 U.S.C. §1983, 28 U.S.C §1343, 28 U.S.C. §1331, 28 U.S.C. §1367, and the doctrine of pendant jurisdiction. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that all defendants are found in this District, and the cause of action asserted herein arose in this District.

2

2. Plaintiff Tyler Burkey is an individual residing at 10033 Congress Road, West Salem, Ohio 44287. At all times material to this action, plaintiff has been the duly appointed, duly authorized Administrator of the Estate of Kevin Burkey ("Burkey"), deceased.

3. Defendant Heather Hunter ("Hunter") is an individual whose work address is 110 Fifth Avenue, Youngstown, Ohio 44503. At all times material to this action, Hunter was employed by Mahoning County, Ohio as a Sheriff's Deputy. Hunter is being sued in her individual capacity.

4. Carl Vath ("Vath") is an individual whose work address is 110 Fifth Avenue, Youngstown, Ohio 44503. At all times material to this action, Vath was employed by Mahoning County, Ohio as a Corrections Officer. Vath is being sued in his individual capacity.

5. Tyler Peters ("Peters") is an individual whose work address is 110 Fifth Avenue, Youngstown, Ohio 44503. At all times material to this action, Peters was employed by Mahoning County, Ohio as a Sheriff's Deputy. Peters is being sued in his individual capacity.

6. Defendant Mahoning County, Ohio ("Mahoning County") is a duly constituted, duly authorized governmental entity existing pursuant to the laws of the State of Ohio. Mahoning County has offices located at 110 Fifth Avenue, Youngstown, Ohio 44503.

7. Defendant St. Elizabeth Health Center ("St. Elizabeth's) is a hospital located at 1044 Belmont Avenue, Youngstown, Ohio 44504. At all times material to this action, St. Elizabeth's was a provider of medical care to individuals.

8. Defendant Jessica Russell ("Russell") is an individual whose work address is c/o St. Elizabeth's Medical Center, 1044 Belmont Avenue, Youngstown, Ohio 44504. At all

times material to this action, Russell was employed by St. Elizabeth's as a Social Worker whose job duties included providing patient intake and assessment services and other medical support services.

9. Defendant Michelle George ("George") is an individual whose work address is c/o St. Elizabeth's Medical Center, 1044 Belmont Avenue, Youngstown, Ohio 44504. At all times material to this action, George was employed by St. Elizabeth's as a Registered Nurse whose job duties including providing direct patient care services and other medical support services.

10. Defendant Holli Martinez, M.D. ("Dr. Martinez") is an individual whose work address is c/o St. Elizabeth's Medical Center, 1044 Belmont Avenue, Youngstown, Ohio 44504. At all times material to this action, Dr. Martinez performed medical services for patients at St. Elizabeth's

## COUNT ONE
### (Violation of Civil Rights)

11. On or about August 23, 2015, Burkey became an inmate at the Jail. Burkey was transported to the Jail from St. Elizabeth's Hospital ("Hospital"). Burkey was shortly before being transported to the Mahoning County Jail ("Jail"). The cause of Burkey's involuntary confinement in the Hospital was an incident wherein Burkey was observed standing on a ledge on an upper for level of the Hospital's parking structure. Burkey's conduct gave rise to the reasonable belief that Burkey was at risk for taking his own life. While Burkey was involuntarily confined at the Hospital, it was

4

discovered that immediately prior to being discovered on a ledge of the parking structure, Burkey had allegedly stolen drugs from the Hospital. It was because of this alleged theft of drugs from the Hospital that Burkey was released from confinement at the Hospital and transported to the Jail.

12. As a result of the involuntary commitment of Burkey to the Hospital, certain reports and records were created. These written reports and records included, but were not limited to police reports, Hospital admitting statements, Hospital treatment records, a Hospital discharge summary, and documents explaining the reason for Burkey's involuntary admission to the Hospital. All of the above documents were among the documents that the Hospital forwarded to the Jail as part of the process of transferring Burkey from the Hospital to the Jail. Shortly after arriving at the Jail, Burkey participated in the Jail's normal new inmate processing procedure. Among the activities that were part of Burkey's initial screening was a serious of questions relating to Burkey's physical and mental health. In responding to one of those questions, Burkey advised Hunter, Vath, and Peters that he had a serious mental condition that required immediate treatment.

13. After completion of the initial screening process, Hunter, Vath, and Peters placed Burkey in the medical unit for a short period of time. While in the Jail's medical unit, Burkey did not receive any treatment or evaluation by a psychiatrist, psychologist, or other mental health care provider. Burkey was then transferred to the Jail's general population. Shortly after being placed in the Jail's general population, Burkey advised Hunter, Vath, and Peters that he needed to see a mental health care provider immediately because no one at the Jail knew what he was going through. Hunter,

Vath, and Peters advised Burkey to submit a written medical request which Burkey did. Hunter, Vath, and Peters did not take any affirmative action in response to Burkey's request for treatment by a mental health care provider.

14. On or about August 25, 2015, Burkey killed himself in his cell at the Jail. Hunter, Vath, and Peters had not made mandatory checks of the area of Burkey's cell in the time before Burkey committed suicide. Hunter, Vath, and Peters, by their conduct, disregarded a known risk that Burkey would harm himself or commit suicide. Hunter, Vath, and Peters either never read or consciously ignored the documents delivered by the Hospital at the time of Burkey's incarceration which documents clearly showed that Burkey was a suicide risk. Hunter, Vath, and Peters openly disregarded and ignored Jail policies and procedures relating to dealing with inmates who were known suicide risks. Hunter, Vath, and Peters ignored Burkey's requests to be seen immediately by mental health care providers. And, Hunter, Vath, and Peters made no efforts to properly monitor Burkey in light of the evidence available to them showing that Burkey was a suicide risk. Hunter's, Vath's, and Peters' conduct constitutes deliberate indifference.

15. The deliberate indifference of Hunter, Vath, and Peters as described herein directly and proximately caused the death of Burkey. The deliberate indifference of Hunter, Vath, and Peters toward Burkey while Hunter, Vath, and Peters were acting within the scope of their employment as a Mahoning County Sheriff's Deputy, or a Mahoning County Corrections Officer and under color of law, violated due process rights secured to Burkey by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution which prohibit deliberate indifference to prisoner medical

needs and cruel and unusual punishment. Hunter, Vath, and Peters are jointly and severally liable to Burkey's estate for damages commonly recovered in wrongful death claims.

16. Hunter, Vath, and Peters acted willfully, wantonly, maliciously, and in reckless disregard for the rights of Burkey.

## COUNT TWO

### (Governmental Liability for Burkey's Suicide)

17. Plaintiff realleges paragraphs 1 - 12 of this Complaint.

18. The deliberate indifference of Hunter, Vath, and Peters in light of the mass of evidence that Burkey was a risk for suicide and that Burkey was in immediate need for mental health treatment demonstrates that either (a) Mahoning has created an environment at the Jail that encourages personnel to disregard the terms of the policies and procedures relating to possible suicide risks, and inmates with overt mental health issues, or (b) Hunter, Vath, and Peters have not been adequately trained in the application of those policies and procedures, and has not been adequately trained in handling suicidal and openly mentally ill prisoners at the Jail. In either event, Mahoning County is jointly liable with Hunter, Vath, and Peters for Burkey's death by suicide while incarcerated at the Jail.

19. The lax environment fostered by Mahoning County with regard to policies and procedures in place at the Jail, and the inadequate training of Hunter, Vath, and Peters as described herein directly and proximately caused the death of Burkey. Mahoning

7

County's actions, all taken under color of law, violated due process rights secured to Burkey by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution which prohibit deliberate indifference to prisoner medical needs and cruel and unusual punishment. Mahoning County is jointly and severally liable to Burkey's estate for damages commonly recovered in wrongful death claims.

20. Mahoning County acted willfully, wantonly, maliciously, and in reckless disregard for the rights of Burkey.

## COUNT THREE

### (Medical Malpractice)

21. Plaintiff realleges paragraphs 1-16 of this Complaint

22. On or about August 23, 2015, Burkey was admitted to St. Elizabeth's for treatment of psychiatric disorders. While a patient at St. Elizabeth's, Burkey came under the care and treatment of Russell, George, and Dr. Martinez. In treating Burkey while Burkey was a patient at St. Elizabeth's, Russell, George, and Dr. Martinez, individually and in concert with one another, engaged in professional conduct that was negligent, inappropriate, and antithetical to the best interests of Burkey. That negligent and deficient conduct by Russell, George, and Dr. Martinez included, but was not limited to, the following:

   a. Failing to properly recognize and properly respond to multiple clear indications that Burkey was at high risk for self-harm;

   b. Failing to adequately assess Burkey's condition at the time of his admission to the hospital;

  c. Failing to afford Burkey proper treatment for his obvious mental and psychiatric disorders;

  d. Releasing Burkey to the custody of the Mahoning County Jail prematurely; and

  e. Failing to adequately advise officials at the Mahoning County Jail of Burkey's risk for committing self-harm

23. As a medical facility, and as medical practitioners, St. Elizabeth's, Russell, George, and Martinez all had a professional responsibility to properly and adequately treat Burkey and not take any actions detrimental to Burkey's well-being. In engaging in the actions described herein, St. Elizabeth's, Russell, George, and Martinez breached their professional duty to Burkey, and acted in a manner that failed to conform to the standard of practice for medical facilities and medical practitioners. As a direct and proximate result of the medical malpractice committed by St. Elizabeth's, Russell, George, and Dr. Martinez, Burkey committed suicide while incarcerated at the Mahoning County Jail. St. Elizabeth's Russell, George, and Dr. Martinez are jointly and severally liable to Burkey's Estate for all losses directly and proximately related to Burkey's demise.

WHEREFORE, plaintiff, on behalf of Burkey's estate requests that this Honorable Court grant him judgment against Hunter, Vath, Peters, and Mahoning County, jointly and severally for compensatory damages in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), for punitive damages in the amount of Three Million Dollars ($3,000,000.00), for interest on all sums found to be due plaintiff, and for the costs of this action including the

reasonable attorney fees incurred in the prosecution of this lawsuit, and plaintiff, on behalf of Burkey's estate requests that this Honorable Court also grant him judgment against St. Elizabeth's, Russell, George, and Dr. Martinez, jointly and severally for additional compensatory damages in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), for punitive damages in the amount of Three Million Dollars ($3,000,000.00), for interest on all sums found to be due plaintiff, and for the costs of this action including the reasonable attorney fees incurred in the prosecution of this lawsuit.

Respectfully submitted,

s/David L. Engler
DAVID L. ENGLER (0030264)
725 Boardman-Canfield Road, Unit S-3
Youngstown, Ohio 44512
Telephone: (330) 729-9777
Facsimile: (484) 970-1580
Email: davidengler@davidengler.com
Attorney for Tyler Burkey, Administrator
of the Estate of Kevin Burkey, Deceased